UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| JAELYN JEWELL, | CIV. NO. 5:24-5011-LLP |
|---|---|
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, DIRECTING SERVICE, AND DENYING MOTION TO APPOINT COUNSEL |
| SUNSHINE TOWING, LLC, | |
| Defendant. | |

Pending before the Court is a Motion for Leave to Proceed in Forma Pauperis (Doc. 3), and Motion to Appoint Counsel (Doc. 4) filed by pro se plaintiff Jaelyn Jewell ("Ms. Jewell"). For the following reasons, Ms. Jewell's Motion for Leave to Proceed in Forma Pauperis is granted and the Court will direct that service be made upon defendant Sunshine Towing, LLC ("Sunshine Towing"). Ms. Jewell's Motion to Appoint Counsel is denied without prejudice.

## BACKGROUND

### I.    Facts

On February 14, 2024, Plaintiff Jaelyn Jewell filed a lawsuit against Sunshine Towing, LLC. The Court's jurisdiction in this matter is premised on diversity jurisdiction. Plaintiff alleges that she is a resident of Spokane, Washington and that Defendant Sunshine Towing is located in Deadwood, South Dakota. (Doc. 1). Ms. Jewell seeks a judgment "in the maximum amount of $202,199.00," including $180,000 in punitive damages plus costs and fees, and a replacement Cadillac. (Doc. 1).

In her Complaint, Ms. Jewell alleges claims for fraud in the inducement and conversion against Sunshine Towing. The Court will detail the facts alleged by Ms. Jewell in her Complaint.

Ms. Jewell alleges that on August 18, 2021, she bought a Cadillac XTS ("Cadillac") for $17,199.000. (Doc. 1, ¶ a). On or about April 3, 2022, Ms. Jewell was driving a Buick Roadmaster ("Buick") which was owned and titled in her sister's name. (Doc. 1, ¶ b). The vehicle became

stuck and was subsequently towed by Sunshine Towing from Black Fox Campground and South Rapid Creek. (Doc. 1, ¶ b). Sunshine Towing charged $4,094.93 in service charges, mileage, labor, equipment, and storage for the Buick. (Doc. 1, ¶ b).

On May 31, 2022, Ms. Jewell's Cadillac broke down and she requested that Sunshine Towing tow her vehicle from Maitland Road in Lawrence County, South Dakota. (Doc. 1, ¶ c). Ms. Jewell alleged that she communicated to representatives of Sunshine Towing at the time of the tow that she had been evicted from her apartment and was currently living out of her vehicle. (Doc. 1, ¶ e).

Sunshine Towing issued Ms. Jewell an invoice for $351.04 in service charges, mileage, labor, and equipment for the Cadillac. (Doc. 1, ¶ g). The invoice also indicated that the reason for the tow was because of a vehicle "break down." (Doc. 1, ¶¶ f, Ex. B).

Well before thirty days after the Cadillac was towed, Ms. Jewell attempted to get the Cadillac from Sunshine Towing by contacting them and paying the outstanding bill for the Cadillac. (Doc. 1, ¶ g). Ms. Jewell alleges that she was told she would first have to pay the $4,094.33 outstanding tow bill for the Buick even though she did not own the vehicle as it was owned by her sister and titled in her sister's name. (Doc. 1, ¶ g).

On or about June 2, 2022, three days after the Cadillac was towed, Josh Stoltenberg, on behalf of Sunshine Towing, filed a Removal Agencies and Mechanics Vehicle Information Request with the South Dakota Department of Revenue. (Doc. 1, ¶¶ h, Ex. C). On or about June 3, 2022, Sunshine Towing sent a Notice of Abandoned Vehicle to Ms. Jewell's former address in Spearfish, South Dakota, despite allegedly knowing that she had been evicted from that residence and was living out of her vehicle. (Doc. 1, ¶ i, Ex. C). This notice was returned to sender as "undeliverable" on June 24, 2022. (Doc. 1, ¶ i).

Ms. Jewell had several contacts with Sunshine Towing regarding the Cadillac between June 2, 2022 and July 5, 2022. (Doc. 1, ¶ l). Representatives from Sunshine Towing refused to let Ms. Jewell get personal items out of the Cadillac, including her computer and her driver's license. (Doc. 1, ¶ j). Representatives from Sunshine Towing informed Ms. Jewell that the tow bill on the Buick would have to be paid prior to her having access to the Cadillac. (Doc. 1, ¶ k).

On or about July 5, 2022, Josh Stoltenberg, on behalf of Sunshine Towing, applied for an abandoned vehicle title through the South Dakota Department of Revenue. (Doc. 1, ¶ m). On or about July 12, 2022, Sunshine Towing received an abandoned vehicle title form from the State of South Dakota for the Cadillac. (Doc. 1, ¶ n). Sunshine Towing subsequently transferred title to the Cadillac to Paige Erickson and Josh Stoltenberg. (Doc. 1, ¶ o).

Ms. Jewell alleges that she never abandoned the Cadillac. (Doc. 1, ¶ z). She alleges that she contacted Sunshine Towing several times within thirty days after the Cadillac was towed, indicating that she owned the vehicle and intended to retrieve it. (Doc. 1, ¶ q).

Ms. Jewell also alleges that on September 6, 2022, she paid the $4,094.93 tow bill for the Buick and that Sunshine Towing did not return her Cadillac. (Docs. 1, ¶ u; 1-1 at 12-13).

Ms. Jewell has filed a Motion to Proceed in Forma Pauperis and a Motion to Appoint Counsel which are presently pending before the Court.  The Court will address each motion in turn.

## I.      Application to Proceed in Forma Pauperis

This Court may authorize the commencement of suit without prepayment of fees when an applicant files an affidavit stating she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915. Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the court's discretion. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983).  "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000) (citation omitted).

Based upon Ms. Jewell's affidavit, she indicates that she is unemployed, is receiving public assistance, has no assets, and that her bank account is overdrawn. (Doc. 2).  Considering the information in the financial affidavit, the Court finds that Ms. Jewell has made the requisite financial showing to proceed in forma pauperis.

## II.     Screening of Complaint under 28 U.S.C. § 1915(e)(2)(B)
### A. Standard of Review

But the inquiry does not end there.  Congress has directed this Court under 28 U.S.C. § 1915(e)(2)(B) to review and screen claims in a complaint being filed in forma pauperis to determine if they are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who has immunity.  *See* 28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Aziz v. Burrows*, 976 F.2d 1158, 1158 (8th Cir. 1992) (quoting *Neitzke v. Williams*, 480 U.S. 319, 325 (1989)).

A complaint states a claim upon which relief may be granted if it contains sufficient factual matter, accepted as true to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing whether a complaint states a claim on which relief may be granted, the Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).  To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).  Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555.  A plaintiff must demonstrate a plausible claim for relief that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted).

A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  A reviewing court has the duty to examine a pro se complaint "to determine if the allegations provide for relief on any possible theory." *Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988).  However, a court is not required to supply additional facts for a pro se plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).  The Court must also

4

weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

### B. Application

#### 1. Count 1 – Fraud in the Inducement

In Count 1 of Ms. Jewell's Complaint, she alleges a claim for fraud in the inducement. Ms. Jewell alleges that Sunshine Towing wrongfully and fraudulently withheld access to the Cadillac by refusing to release the Cadillac to her without the bill for the Buick (belonging to her sister and titled in her sister's name) tow and repairs being paid. (Doc. 1, ¶ t). Ms. Jewell alleges that Sunshine towing fraudulently induced her to pay the tow bill for the Buick by telling her that payment was a prerequisite to getting the Cadillac back, and that when she paid the tow bill for the Buick, she did not receive the Cadillac back. (Doc. 1, ¶¶ u, v).

"Fraudulent inducement entails willfully deceiving persons to act to their disadvantage." *Law Capital, Inc. v. Kettering*, 836 N.W.2d 642, 646 (S.D. 2013) (citing *Johnson v. Miller*, 818 N.W.2d 804, 808 (S.D. 2012)). Deceit is defined in SDCL 20-10-2 as:

> (1) The suggestion, as a fact, of that which is not true, by one who does not believe it to be true;
> (2) The assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true;
> (3) The suppression of a fact by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact; or
> (4) A promise made without any intention of performing.

*Id.* (citing SDCL 20-10-2).

The Court finds that Ms. Jewell has stated a plausible claim to relief for fraudulent inducement. She alleges that Sunshine Towing told her that paying the tow bill for the Buick was a prerequisite to getting her Cadillac back, and in reliance on this statement, she acted to her disadvantage by paying the $4,094.93 tow bill for the Buick belonging to her sister, but did not receive her Cadillac in return. Ms. Jewell's fraudulent inducement claim survives screening.

#### 2. Count 2 – Conversion

In Count 2 of Ms. Jewell's Complaint, she alleges a claim for conversion.

"Conversion is the unauthorized exercise of control or dominion over personal property in a way that repudiates an owner's right in the property or in a manner inconsistent with such right." *Western Consolidated Co-op. v. Pew*, 795 N.W.2d 390, 396 (S.D. 2011) (quoting *First Am. Bank*

& *Trust, N.A. v. Farmers State Bank of Canton*, 756 N.W.2d 19, 31 (S.D. 2008)). The foundation for the action of conversion rests neither in the knowledge nor the intent of the defendant. *Id.* at 397 (quoting *Rensch v. Riddle's Diamond of Rapid City, Inc.*, 393 N.W.2d 269, 271 (S.D. 1986))). "Therefore, neither good nor bad faith, neither care nor negligence, neither knowledge nor ignorance, are of the gist of the action." *Id.* (quoting *Rensch*, 393 N.W.2d at 271). While an action for conversion does not require a plaintiff to prove that the defendant had intent to deprive the true owner of his property rights, proof of fraud or malice,[1] actual or presumed, may entitle a plaintiff to recover punitive damages. *See* SDCL 21-3-2; *see also Longwell v. Custom Benefit Programs Midwest, Inc.*, 627 N.W.2d 396, 400 (S.D. 2001) (stating that conversion is an independent tort for which South Dakota law allows punitive damages).

In order to prove conversion, a plaintiff must show that: (1) she owned or had a possessory interest in the property; (2) plaintiff's interest in the property was greater than the defendant's; (3) defendant exercised dominion or control over or seriously interfered with plaintiff's interest in the property; and (4) such conduct deprived plaintiff of her interest in the property. *Western Consolidated Co-op.*, 795 N.W.2d at 397.

Ms. Jewell alleges that she never abandoned her Cadillac and Sunshine Towing knew that she had never abandoned her Cadillac because she was the one who called for the tow when the Cadillac broke down and had been in contact with Sunshine Towing many times attempting to pay Sunshine Towing for their services and to get her Cadillac back. Ms. Jewell alleges that despite having knowledge that she offered to pay for Sunshine Towing's services to get her Cadillac back, Sunshine Towing applied for an abandoned vehicle title, knowing that she had not received statutory notice of the application because she had informed them that she had been evicted from her apartment and was living out of her car. Ms. Jewell alleges that Sunshine Towing also refused to allow her to recover her personal property items from the Cadillac, including her computer and driver's license. Ms. Jewell alleges that Sunshine Towing wrongfully and fraudulently transferred the title of the Cadillac knowing that she had not abandoned the vehicle. (Doc. 1, ¶ ff).

The Court finds that these allegations are sufficient to state a plausible claim for conversion. As the South Dakota Supreme Court has stated,

> [S]everal requirements [ ] must be met before a valid abandoned motor vehicle title can be obtained: first, the motor vehicle must be "abandoned;" second, the motor

[1] Ms. Jewell alleges that Sunshine Towing wrongfully and fraudulently converted the title of the Cadillac from her to itself with full knowledge that the vehicle had not been "abandoned" under South Dakota law.

vehicle must be "removed;" third, the motor vehicle must be removed by a "removal agency;" and, fourth, the removal agency must send written notice of the removal to [the registered owner] and all readily identifiable lien holders of record.

*Premier Bank, N.A. v. Mahoney*, 520 N.W.2d 894, 896 (S.D. 1994); *see also* SDCL 32-36-8. SDCL 32-36-2(1) defines an "abandoned motor vehicle" as, "any motor vehicle left on a public street or highway or left on private property without the permission of the landowner or tenant [.]" SDCL 32-30-12 provides that:

> If any vehicle is left unattended on any public road, highway, or highway right-of-way of this state, for a longer period than twenty-four hours without notifying the sheriff, highway patrol office of the county . . . or the appropriate municipal officials where the vehicle is parked it is an abandoned vehicle and is subject to . . . chapter 32-36 for the purposes of being titled by a removal agency.

SDCL 32-30-12. Based on the allegations in Ms. Jewell's complaint, her Cadillac was not an "abandoned motor vehicle" as that is defined under South Dakota statute. Under the facts alleged, the Cadillac was not left on a public street or highway, or left on private property without the permission of the owner for more than 24 hours. Rather, it is alleged, and the tow invoice attached the complaint indicates, that Ms. Jewell herself called Sunshine Towing to tow the Cadillac after it had broken down at the intersection of Maitland road and JDA Grey Road. (Docs. 1, ¶ c; 1-1 at 19). Additionally, Ms. Jewell alleges that she tried to pay and reclaim her Cadillac and personal belongings, but that Sunshine Towing refused to return her belongings and Cadillac until she paid the tow bill for the Buick. It is alleged that when she did eventually pay the Buick tow bill, the Cadillac was not returned to her possession. Under the facts alleged, it appears that Ms. Jewell's Cadillac was not "abandoned[2]." If that is the case, then Sunshine Towing should not have sought

---

[2] Under SDCL 32-36-8 and 32-36-9, a removal agency may seek title to not only abandoned vehicles, but also to unclaimed "impounded" and "wrecked" vehicles. *See Scottlyn Transport, LLC*, Case No. 30395, 2024 WL 1790689, at *7 (S.D. Apr. 24, 2024). SDCL 32-30-19 provides for when a vehicle may be "impounded:"

> Any police officer may remove or cause to be removed to the nearest garage or other place of safety any vehicle found upon a highway when a report has been made that the vehicle has been stolen or taken without the consent of its owner, when the person or persons in charge of the vehicle are unable to provide for its custody or removal, or when the person driving or in control of the vehicle is arrested for an alleged offense for which the officer is required by law to take the person arrested before a judge or magistrate without unnecessary delay.

SDCL 32-30-19. A "wrecked vehicle" is defined as:

> A vehicle found attended or unattended upon a bridge, causeway, in any tunnel or on the traveled portion of any roadway where the vehicle constitutes an obstruction and hazard to traffic or a vehicle which appears to have sustained reportable accident damage. . . .

title from the Department of Revenue, and Ms. Jewell has stated a plausible claim for conversion. *See Scottlyn Transport, LLC*, Case No. 30395, 2024 WL 1790689, at *8 (S.D. Apr. 24, 2024) (finding that if plaintiff proves an implied contract to store the vehicle existed, "Plaintiff Towing should not have sought a title from the DOR.").

### III.   Motion to Appoint Counsel

Ms. Jewell also moves the Court to appoint counsel.  (Doc. 3). "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (citing *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985)). "In civil rights matters the court *may* pursuant to 28 U.S.C. § 1915 request an attorney to represent a party if, within the court's discretion, the circumstances are such that would properly justify such a request." *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982) (internal quotations and citation omitted).

In determining whether to appoint counsel to a pro se litigant's civil case, the district court considers the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the indigent's ability to present his claim. *Stevens*, 146 F.3d at 546 (citation omitted).  The facts of Ms. Jewell's claims are not complex and at this stage in the proceedings, the Court does not deem it necessary to appoint counsel.  Accordingly, Ms. Jewell's motion to appoint counsel is denied.

Accordingly, it is hereby ORDERED that:

1.  Plaintiff's Motion to for Leave to Proceed in forma pauperis (Doc. 3) is GRANTED;

2.  Plaintiff's Motion to Appoint Counsel (Doc. 4) is DENIED;

3.  Plaintiff shall complete and send to the Clerk of Court a summons and USM-285 form for the defendant.  Upon receipt of the completed summons and USM-285 form, the Clerk of Court will issue the summons.  If the completed summons and USM-285 form are not submitted as directed, the complaint may be dismissed; and

4.  The United States Marshall shall serve the completed summons, together with a copy of the complaint and this order, upon the defendant.

---

SDCL 32-30-14.  Under the facts alleged, Ms. Jewell's Cadillac does not appear to be an "impounded" or "wrecked" vehicle as defined under South Dakota statute.

Dated this 8th day of May, 2024.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

9