UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| JAELYN JEWELL,<br><br>Plaintiff,<br><br>vs.<br><br>SUNSHINE TOWING, LLC,<br><br>Defendant. | 5:24-CV-05011-CCT<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Plaintiff, Jaelyn Jewell, filed a pro se lawsuit against Defendant, Sunshine Towing, LLC (Sunshine Towing), alleging claims of fraud in the inducement and conversion. Docket 1. Sunshine Towing moves to dismiss the claims against it for failure to state a claim upon which relief can be granted and lack of subject matter jurisdiction. Dockets 22-23. Jewell filed an untimely response.[1] Docket 28.

**FACTUAL BACKGROUND**

On February 14, 2024, Jewell filed a pro se lawsuit against Sunshine Towing. Docket 1. She asserts that the Court's jurisdiction is premised on diversity jurisdiction. *Id.* at 1. Jewell is a resident of Spokane, Washington, and Sunshine Towing is a resident of Deadwood, South Dakota. *Id.* Jewell asserts claims for fraud in the inducement and conversion, *Id.* at 3-4, seeking

---

[1] "On or before 21 calendar days after service of a motion and brief . . . all opposing parties must serve and file a responsive brief[.]" D.S.D. Civ. LR 7.1(B). Sunshine Towing filed its motion to dismiss on November 15, 2024. Docket 22. Jewell filed her response on January 31, 2025. Docket 28.

1

judgment "in the maximum amount of $202,199.00," including $180,000 in punitive damages plus costs and fees, and a replacement Cadillac. *Id.* at 4 (emphasis omitted); Docket 1-1 at 2; Docket 27. The pertinent facts, according to Jewell's complaint, are as follows.

On or about April 3, 2022, Jewell was driving her sister's Buick Roadmaster (Buick) when "[t]he vehicle became stuck and was subsequently towed by [Sunshine Towing] from Black Fox Campground and South Rapid Creek." Docket 1 at 1. "Sunshine Towing charged $4,094.93 in service charges, mileage, labor, equipment, and storage for the Buick." *Id.*; Docket 1-1 at 10.

On May 31, 2022, Jewell's Cadillac XTS (Cadillac)[2] broke down, and she requested that Sunshine Towing tow the Cadillac from Maitland Road in Lawrence County, South Dakota. Docket 1 at 1-2; Docket 1-1 at 11. Jewell asserts that Sunshine Towing retained possession of the Cadillac following the tow. Docket 1 at 2. She further claims that, at the time of the tow, she informed Sunshine Towing's representatives that she "was currently living out of the vehicle" due to having been "evicted from her apartment"; she denies ever communicating to Sunshine Towing that she intended to abandon the Cadillac. *Id.* Sunshine Towing charged Jewell "$361.04 in service charges, mileage, labor, and equipment for the Cadillac." *Id.*; Docket 1-1 at 11 (the invoice indicates that the reason for the tow was because of a vehicle "break down").

---

[2] Jewell alleges that she purchased the Cadillac for $17,199.00 on August 18, 2021. Docket 1 at 1.

Jewell asserts that, "[o]n or about June 2, 2022, three days after the Cadillac was towed, Josh Stoltenberg" (Stoltenberg), acting on behalf of Sunshine Towing, filed a Removal Agencies and Mechanics Vehicle Information Request with the South Dakota Department of Revenue, seeking the name and address of the titled owner in order to provide notice regarding the towed vehicle. Docket 1 at 2; Docket 1-1 at 12. Jewell further alleges that Sunshine Towing sent a Notice of Abandoned Vehicle to her former address in Spearfish, South Dakota, on or about June 3, 2022, despite allegedly knowing that she had been evicted from that residence and was living out of her vehicle. Docket 1 at 2. According to Jewell, "[t]his notice was returned to sender as 'undeliverable' on June [24], 2022." *Id.*; Docket 1-1 at 16-17.

Jewell claims that in the "thirty days after the Cadillac was towed, [she] attempted to get the vehicle from Sunshine Towing by contacting them and [paying] the outstanding bill for the Cadillac." Docket 1 at 2. According to Jewell, between June 2 and 5, 2022, she "had several contacts with Sunshine Towing regarding the Cadillac[.]" *Id.* She claims that "[r]epresentatives from Sunshine Towing informed her that the tow bill on the Buick would have to be paid prior to her having access to the Cadillac." *Id.* Additionally, Jewell asserts that "[r]epresentatives from Sunshine Towing refused to let [her] get her personal items out of the Cadillac, including her computer and driver's license[.]" *Id.*

Jewell claims that "[o]n or about July 5, 2022, [ ] Stoltenberg, on behalf of Sunshine Towing, applied for an abandoned vehicle title through the South

3

Dakota Department of Revenue." *Id.* "On or about July 12, 2022, Sunshine Towing received an abandoned vehicle title form from the State of South Dakota for the Cadillac." *Id.*; Docket 1-1 at 18-19. "Sunshine Towing subsequently transferred the title to the Cadillac to Paige Erickson and [ ] Stoltenberg." Docket 1 at 3; Docket 1-1 at 20-21.

In response to Sunshine Towing's motion to dismiss, Jewell states that, "on or about March 20, 2023, [she] [ ] file[d] a small claims action against Sunshine Towing" in state court, alleging fraud in the inducement and conversion. Docket 28 at 1.[3] She admits that the factual allegations contained in the small claims complaint are identical to those contained in the federal complaint. *Id.* According to Sunshine Towing, on November 13, 2023, Jewell's small claims action was dismissed with prejudice. Docket 24-5. The small claims order for judgment or dismissal does not provide any reasoning for the dismissal but does indicate that the order was "[b]ased upon the pleadings on file and evidence within the file or on the record[.]" *Id.*

Jewell then filed this federal lawsuit, asserting fraud in the inducement and conversion. Docket 1 at 3-4. She claims that Sunshine Towing fraudulently induced her to pay $4,094.93 for the Buick "by telling her that was a prerequisite to getting the Cadillac back[,]" but after she either paid or attempted to pay that amount, "she did not receive the Cadillac[.]" *Id.* at 3.

---

[3] The small claims action is entitled *Jaelyn Jewell v. Sunshine Towing, LLC*, 40 SMC 23-000121, filed in the Fourth Judicial Circuit in Lawrence County, South Dakota. A copy of the pleadings from the small claims action are included as attachments to Docket 24.

4

Jewell further claims "Sunshine Towing wrongfully and fraudulently converted the title of the Cadillac from [Jewell] to itself by knowing [she] had not abandoned the vehicle." *Id.* at 4.

On November 15, 2024, Sunshine Towing filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, alleging Jewell's claims are barred by res judicata, and under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Docket 22. On January 31, 2025, Jewell filed a response to Sunshine Towing's motion to dismiss. Docket 28. In response to Sunshine Towing's res judicata argument, Jewell asserts: (1) that "[t]he [state court] case never entered final judgment because it was dismissed"; (2) that she did not have a full and fair opportunity to litigate the issues in state court; (3) that her attorney provided false information and failed to appear in state court due to that court's alleged error in granting his request to withdraw; and (4) that her mental diagnosis impeded her ability to litigate the matter in state court. *Id.* Jewell also filed a motion to modify the amount in controversy requesting, among other things, that interest be applied to the initial relief sought. Docket 27.

## LEGAL STANDARD

### I. Motion to Dismiss for Lack of Subject Matter Jurisdiction Under Fed. R. Civ. P. 12(b)(1)

"It is axiomatic that a court may not proceed at all in a case unless it has jurisdiction." *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001). "Federal courts are courts of limited jurisdiction, adjudicating only those

5

suits arising under the Constitution and laws of the United States or suits between citizens of different states." *Jordan v. State Auto Ins. Cos.*, CIV 16-4053, 2016 WL 7235688, at *1 (D.S.D. Dec. 13, 2016) (internal quotation marks omitted) (alteration in original omitted) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). "Subject matter jurisdiction . . . is a threshold requirement which must be assured in every federal case." *Turner v. Armontrout*, 922 F.2d 492, 493 (8th Cir. 1991) (citation omitted).

"A motion to dismiss for lack of subject matter jurisdiction" under Federal Rule of Civil Procedure 12(b)(1) "challenges the court's authority and competence to hear the case pending before it." *Williams v. Cargill*, No. CIV. 14-5020-JLV, 2014 WL 2593054, at *1 (D.S.D. June 10, 2014) (citations omitted). "A party challenging subject matter jurisdiction under Rule 12(b)(1) must attack either the facial or factual basis for jurisdiction." *Middlebrooks v. United States*, 8 F. Supp. 3d 1169, 1173 (D.S.D. 2014). In a facial challenge, the defendant challenges "whether the facts alleged in the complaint establish subject matter jurisdiction under Rule 12(b)(1)[.]" *Archambault v. United States*, 641 F. Supp. 3d 636, 640 (D.S.D. 2022) (citing *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)). "A facial challenge requires the court to examine the complaint and determine if the plaintiff has sufficiently alleged a basis for subject matter jurisdiction, and the nonmoving party receives the same protection as it would if defending a motion to dismiss under Rule 12(b)(6)." *Middlebrooks*, 8 F. Supp. 3d at 1173 (citation omitted).

## II.  Motion to Dismiss for Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). When ruling on a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the nonmovant. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010) (citation omitted).

Although a court should grant a motion to dismiss "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief[,]" it is a requirement that the complaint "contain facts which state a claim as a matter of law and must not be conclusory." *Frey v. Herculaneum,* 44 F.3d 667, 671 (8th Cir. 1995) (citations omitted). The court is not required to accept "a plaintiff's conclusory allegations or legal conclusion drawn from the facts" as true. *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019) (citations omitted). Furthermore, "[a] complaint must not be dismissed under 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts that would

demonstrate an entitlement to relief.'" *Doe ex rel. Doe v. Sch. Dist. of Norfolk*, 340 F.3d 605, 613 (8th Cir. 2003) (quoting *Gordon v. Hansen*, 168 F.3d 1109, 1113 (8th Cir. 1999)).

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the court examines the complaint and "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned; without converting the motion into one for summary judgment." *Dittmer Properties, L.P. v. F.D.I.C.*, 708 F.3d 1011, 1021 (8th Cir. 2013) (citations and internal quotation marks omitted).

## ANALYSIS

### I.  Jewell Cannot Establish Diversity Jurisdiction

Sunshine Towing argues that Jewell's claims do not exceed $75,000, so she has not established the amount in controversy necessary to invoke federal diversity jurisdiction. Diversity jurisdiction requires "complete diversity of citizenship among the litigants" and "an amount in controversy greater than $75,000[.]" *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (citing 28 U.S.C. § 1332(a)). While the Court finds that Jewell has sufficiently alleged geographic diversity of citizenship between the parties, it is not convinced that the amount claimed in her complaint exceeds the jurisdictional threshold of $75,000.

"Generally, a complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Larkin v. Brown*, 41 F.3d 387, 388 (8th Cir. 1994) (cleaned up). "Stated in the affirmative, the district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." *Jordan*, 2016 WL 7235688, at *2 (cleaned up). "Under this 'legal certainty' test, however, 'absolute certainty . . . is not required.'" *Id.* (alteration omitted) (quoting *Hedberg v. State Farm Mut. Auto. Ins. Co.*, 350 F.2d 924, 928 (8th Cir. 1965)). "If the defendant challenges the plaintiff's allegations of the amount in controversy, then the plaintiff must establish jurisdiction by a preponderance of the evidence." *Kopp*, 280 F.3d at 884-85 (citation omitted).

In her complaint, Jewell alleges a maximum amount of $202,199 in damages, which includes punitive damages in the amount of $180,000, filing fees and costs, and the replacement of the Cadillac. Docket 1 at 4. Sunshine Towing contends that "there is not a sufficient amount in controversy to raise federal jurisdiction[,]" asserting that Jewell's "apparent damages are [ ] only $21,654.97[,]" and that she has not "proven the existence of [punitive] damages by competent proof." Docket 23 at 5-6. Further, Sunshine Towing notes that Jewell's claims for lost profits in a vape business she had not yet started are not recoverable under South Dakota law. *Id.* at 6. Sunshine Towing also notes

9

that Jewell originally elected to bring her action in small claims court where her damagers were limited to $12,000, so she should be estopped from asserting damages in excess of $12,000 in this federal case. *Id.* at 7-8.

Because this case is based on diversity jurisdiction, South Dakota substantive law applies to the issue of punitive damages. *DeNeui v. Wellman*, No. CIV. 07-4172-KES, 2009 WL 4847086, at *1 (D.S.D. Dec. 9, 2009) (citing *Hammonds v. Hartford Fire Ins. Co.*, 501 F.3d 991, 996 n.6 (8th Cir. 2007)); *see Bores v. Domino's Pizza, LLC*, 530 F.3d 671, 674 (8th Cir. 2008) (indicating that a "diversity action is governed by state substantive law" (citation omitted)).

"Punitive damages, when they are permitted to be awarded under the governing substantive law for the claim being asserted by the plaintiff, can be included in determining whether the amount in controversy requirement has been met." *Jordan*, 2016 WL 7235688, at *3 (cleaned up). "While punitive damages are included in the amount in controversy, the existence of the required amount must be supported by competent proof." *OnePoint Sols.*, 486 F.3d at 348 (internal quotation marks and citation omitted). "Indeed, when determining the amount in controversy, a claim for punitive damages is to be given closer scrutiny, and the trial judge accorded greater discretion, than a claim for actual damages." *Larkin*, 41 F.3d at 389 (citation omitted).

To support her punitive damages claim, Jewell asserts that as a result of Sunshine Towing's wrongful withholding of her vehicle, she was unable to open her vape store. Docket 1-1 at 2. She claims that "[t]he impact of [Sunshine Towing's] action" not only "caused severe financial hardship" but also had a

10

profound impact on her and her children, who required therapy. *Id.* She also claims she "was unable to reach [her] children for three months while [her] car was wrongfully held[,]" and her "children are now facing homelessness again." *Id.* Additionally, Jewell asserts that "[b]ecause Sunshine Towing wrongfully held [her] car, denied [her] access to [her] belongings[,] including [her] driver[']s license, and used" what she describes as gang-like tactics "to transfer the title," it should be held liable for the net profits she would have earned over at least a three-year period. *Id.* (emphasis omitted). She estimates the average monthly gross income for a vape store to be $30,000, with a net profit of $5,000. *Id.*

Under South Dakota law, punitive damages are not recoverable unless expressly authorized by statute. Both conversion and fraudulent inducement, the claims which Jewell brings in this case, have been recognized as torts for which South Dakota law allows punitive damages. *See Mach v. Connors*, 979 N.W.2d 161, 172 (S.D. 2022) (conversion); *Grynberg v. Citation Oil & Gas Corp.*, 573 N.W.2d 493, 502-03 (S.D. 1997) (fraudulent inducement).

However, the South Dakota Supreme Court has held that "[m]alice is an essential element of a claim for punitive damages." *Smizer v. Drey*, 873 N.W.2d 697, 703 (S.D. 2016) (citation omitted). "Malice can be actual or presumed." *Id.* (citation omitted). "Actual malice is a positive state of mind, evidenced by the positive desire and intention to injure another, actuated by hatred or ill-will towards that person." *Dahl v. Sittner*, 474 N.W.2d 897, 900 (S.D. 1991). "Presumed, legal malice, on the other hand, is malice which the law infers from or imputes to certain acts." *Id.* (citing *Hannahs v. Noah*, 158 N.W.2d 678, 682

11

(S.D. 1968)). "Presumed malice may not be motivated by hatred or ill-will but is present when a person acts willfully, or wantonly to the injury of others." *Bertelsen v. Allstate Ins. Co.*, 796 N.W.2d 685, 699 (S.D. 2011) (internal quotation marks omitted).

"The Supreme Court of South Dakota has clarified, however, that malice is not presumed from 'simply the doing of an unlawful or injurious act.'" *Espinoza v. Fowler*, 4:22-CV-04068-RAL, 2023 WL 5938106, at *3 (D.S.D. Sept. 12, 2023) (quoting *Dahl*, 474 N.W.2d at 900). Rather, presumed malice arises from conduct that is 'more than mere mistake, inadvertence, or inattention[,]" *Id.* (quoting *Gabriel v. Bauman*, 847 N.W.2d 537, 543 (S.D. 2014)); the acts must be "conceived in the spirt of mischief or of criminal indifference to civil obligations[,]" *Id.* (quoting *Dahl*, 474 N.W.2d at 900).

While Jewell's complaint contains sufficient allegations to establish actual damages of $21,654.97, even a liberal reading of her complaint "does not create a rational basis to assert a claim for punitive damages." *See Smizer*, 873 N.W.2d at 703 (citation omitted). The Court acknowledges that Jewell is not pleased with the outcome of the situation. However, even if Sunshine Towing acted unlawfully by withholding her vehicle and preventing her from accessing her belongings, such acts cannot establish the element of malice necessary for a claim of punitive damages. *See Dahl*, 474 N.W.2d at 900. Moreover, although Jewell alleges Sunshine Towing engaged in gang-like tactics, this assertion is unsubstantiated and therefore insufficient. *See Smizer*, 873 N.W.2d at 704 (citing *Andrushchenko v. Silchuk,* 744 N.W.2d 850, 854

12

(S.D. 2008) (evidentiary basis must be supported by more than unsupported conclusions and speculative statements)). Finally, although she filed a motion to modify the amount in controversy, Docket 27, her request does not allege facts attendant to a claim of malice; rather, it seeks interest and an additional $5,000 per month.

It appears undisputed that Sunshine Towing twice responded to her requests for service and towed two vehicles. There were costs associated with those services that were communicated to Jewell. It also appears undisputed that Sunshine Towing participated in a process to determine proper title to the Cadillac. Finally, Jewell's claim for lost profits, which would be compensatory in any event, for the vape business she had not yet started are not recoverable under South Dakota law. "Although pro se complaints are to be construed liberally, 'they must still allege facts sufficient to support the claims advanced." *Myers v. Long*, No. CIV 12-4125, 2013 WL 820788, at *2 (D.S.D. Mar. 5, 2013) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

The Court concludes that Jewell cannot prove the existence of her punitive damages by competent proof, and therefore cannot exceed the $75,000 threshold required for diversity jurisdiction. Jewell has not established jurisdiction by a preponderance of the evidence. Therefore, Sunshine Towing's motion to dismiss based on lack of subject matter jurisdiction is granted.

**II.   Jewell's Claims are Barred by Res Judicata**

In the event the Court is not jurisdictionally foreclosed from considering the merits of Jewell's claims, Sunshine Towing would nonetheless prevail on its

13

argument that Jewell's claims should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim based on the doctrine of res judicata, specifically claim preclusion, because she has already litigated this matter in small claims court where it was decided on the merits. Docket 23 at 3-5.

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as res judicata." *Healy v. Fox*, 572 F. Supp. 3d 730, 738–39 (D.S.D. 2021), *aff'd*, 46 F.4th 739 (8th Cir. 2022) (quoting *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)). Res judicata may justify granting a motion to dismiss. *See Laase v. Cnty. of Isanti*, 638 F.3d 853 (8th Cir. 2011) (affirming the district court's dismissal for failure to state a claim based on res judicata). "If an affirmative defense . . . is apparent on the face of the complaint, . . . [then that defense] can provide the basis for dismissal under Rule 12(b)(6)." *Healy*, 572 F. Supp. 3d at 738, *aff'd*, 46 F.4th 739 (8th Cir. 2022) (alteration in original) (quoting *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 983 (8th Cir. 2008)). "Although [Eighth Circuit] cases require the defense to be apparent on the face of the complaint, this means simply that the district court is limited to the materials properly before it on a motion to dismiss, which may include public records and materials embraced by the complaint." *Id.* In addition to the allegations in Jewell's Complaint, Docket 1, the Court considers the pleadings filed in Jewell's state court small claims action, Docket 24.

Under "claim preclusion," in particular, "a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the

14

claim raises the same issues as the earlier suit.'" *Taylor*, 553 U.S. at 892 (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)). "Issue preclusion, in contrast, bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." *Id.* (quoting *New Hampshire*, 532 U.S. at 748-49). "By precluding parties from contesting matters that they have had a full and fair opportunity to litigate, these two doctrines protect against the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions." *Id.* (cleaned up).

Sunshine Towing asserts that both the federal and state small claims complaints involve the same parties and the same operative facts, Docket 23 at 4, and Jewell agrees that the claims are identical, Docket 28 at 1. Sunshine Towing argues that the state small claims complaint was dismissed with prejudice, which operates as an adjudication on the merits. Docket 23 at 4. Further, Sunshine Towing asserts that Jewell had a full and fair opportunity to litigate her claim in the state small claims action. *Id.* Jewell acknowledges that the state small claims case was dismissed, but she claims it was not a final judgment. Docket 28 at 2. She further argues that she was not given the opportunity to fully and fairly litigate her issues. *Id.*

"[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgement was rendered." *Migra v. Warren City Sch. Dist. Bd. of*

15

*Educ.*, 465 U.S. 75, 81 (1984). Therefore, this Court looks to South Dakota law to define the preclusive effect of the prior final judgment against Jewell.

The South Dakota Supreme Court applies the same four elements in both claim and issue preclusion cases to determine if res judicata applies:

> (1) the issue in the prior adjudication must be identical to the present issue, (2) there must have been a final judgment on the merits in the previous case, (3) the parties in the two actions must be the same or in privity, and (4) there must have been a full and fair opportunity to litigate the issues in the prior adjudication.

*Healy Ranch, Inc. v. Healy*, 978 N.W.2d 786, 799 (S.D. 2022) (quoting *Dakota, Minn. & E. R.R. Corp. v. Acuity*, 720 N.W.2d 655, 661 (S.D. 2006)). However, as it relates to claim preclusion, the South Dakota Supreme Court has held that its "review is *not* restricted to whether the specific question posed by the parties in both actions was the same or whether the legal question posed by the nature of the suit was the same"; rather, the court "look[s] to whether the second action attempts to relitigate a prior determined *cause of action*." *Id.* (cleaned up). Accordingly, under the first element, "a cause of action is comprised of the facts which give rise to, or establish, the right a party seeks to enforce." *Id.* (citation omitted). "The test for determining if both causes of action are the same is a query into whether the wrong sought to be redressed is the same in both actions." *D.G. v. D.M.K.*, 557 N.W.2d 235, 240 (S.D. 1996) (citation omitted).

A final judgment on the merits, under the second element, "is one which is based on legal rights rather than matters of procedure and jurisdiction." *Nelson v. Hawkeye Sec. Ins. Co.*, 369 N.W.2d 379, 381 (S.D. 1985) (citation

omitted). The third element is easily met if the parties in the two actions are the same. *Healy Ranch*, 978 N.W.2d at 799, 802. With respect to the fourth element, "the claim need not have been actually litigated at an earlier time. Rather, the parties only need to have been provided a 'fair opportunity to place their claims in the prior litigation.'" *Id.* at 802 (quoting *Farmer v. S.D. Dep't of Rev. & Regul.*, 781 N.W.2d 655, 659 (S.D. 2010) (citation omitted)).

"When applying the elements of res judicata, the Supreme Court of South Dakota has stated, 'a court should construe the doctrine liberally, unrestricted by technicalities. However, because the doctrine bars any subsequent litigation, it should not be used to defeat the ends of justice.'" *Garrett v. Stock*, 3:22-CV-03003-RAL, 2023 WL 4409385, at *4 (D.S.D. July 7, 2023) (quoting *People ex rel. L.S.*, 721 N.W.2d 83, 90 (S.D. 2006)). Further, although "[t]he South Dakota Supreme Court has never explicitly held that a small claims court judgment can bar subsequent actions via res judicata," because "magistrate courts have concurrent jurisdiction with the state circuit courts, there is little doubt such a judgment could have preclusive effect." *Segura v. Belle Fourche Irrigation*, 5:22-CV-05026-RAL, 2022 WL17091893, at *5 (D.S.D. Nov. 21, 2022).

Here, the Court considers the first, third, and fourth elements together and determines that they are satisfied. Jewell had a full and fair opportunity to litigate her prior suit when she filed a complaint in state small claims court against Sunshine Towing, the same defendant in this federal action. Docket 24-1; *see* Docket 28 at 1. In her small claims complaint, Jewell asserted claims of

17

fraud in the inducement and conversion, which are identical to the claims she asserts here. Docket 24-1. The facts alleged in her small claims complaint are virtually identical to the facts she alleges here. *Id.* In fact, it appears that Jewell simply copied the content from her small claims complaint and pasted it into her federal complaint. *Compare* Docket 1 (Jewell's federal complaint), *with* Docket 24-1 (Jewell's state small claims complaint).

      The Court also finds that the second element is satisfied. While the Court recognizes that Jewell did not attend a hearing on her state small claims action, the record reflects that during at least part of her small claims action Jewell was represented by counsel. Docket 24-4. A hearing was set and notice of the hearing was provided one month in advance. Docket 24-3. Jewell did not attend the hearing. Docket 28 at 2. Under SDCL § 15-39-68, which is within the chapter governing the procedure for small claims actions, "if the plaintiff does not appear at any time set for hearing, the court may dismiss the claim for want of prosecution or enter a finding on the merits for the defendant or make such other disposition as may be proper." After Jewell did not appear at the hearing, the court dismissed her claims with prejudice "[b]ased on the pleadings on file and evidence within the file or on the record[.]" Docket 24-5. While the court did not indicate the basis for dismissal, it considered the pleadings and evidence, thereby indicating an adjudication on the merits.

      Notably, Jewell did not, despite claiming issues related to her absence from the hearing, Docket 28 at 2, move the small claims court to vacate the order. *See* SDCL § 15-39-75 (providing that the court may "upon motion, and

18

after such notice, by mail or otherwise, as it may order, for cause shown, vacate any judgment entered under this procedure, for want of actual notice to a party, for error or for any other cause that the court may deem sufficient"). Further by Jewell commencing her action against Sunshine Towing via South Dakota's small claims procedure and it not being removed to the regular civil docket, the parties waived "the right of appeal[.]" SDCL 15-39-56; *see* SDCL 15-39-57 ("No party may appeal any decision entered under this procedure."). Therefore, this Court concludes that the order dismissing Jewell's state small claims complaint with prejudice is a final judgment on the merits, and as such, Sunshine Towing's motion to dismiss pursuant to Rule 12(b)(6) based on res judicata would be granted if it was determined that Jewell's claims invoked this Court's subject matter jurisdiction.

Thus, it is hereby

ORDERED that Sunshine Towing's motion to dismiss, Docket 22, is granted, and Jewell's complaint is hereby dismissed. It is further

ORDERED that Jewell's motion to modify amount in controversy, Docket 27, is denied as moot.

DATED April 8, 2025.

BY THE COURT:

/s/ *Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRIT JUDGE
